UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFORMANCE CHEVROLET, INC., | No. 2:14-cv-2738 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| ADP DEALER SERVICES, INC., | |
| Defendant. | |

Defendant has filed an "Unopposed Request" to seal a document that it has already filed on the public docket of this court, unsealed and un-redacted. Defendant asserts that the document contains "pricing information" which it says is "confidential." However, defendant publicly filed this document on two separate occasions. Defendant first filed the document as Exhibit B (ECF No. 8-1), to its Answer to the original complaint, and then again a month later, as Exhibit B (ECF No. 15-1), to its Answer to the First Amended Complaint.

In general, there must be, at a minimum, "good cause" for overriding the "strong presumption" in favor of public access to judicial records. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). While there might have been good cause to seal the document at issue before it was made public – it contains confidential business information, and the defendant requested that it be sealed – defendant has not offered sufficient good cause to withdraw the document from the public record.

1

While the court is sympathetic to defendant's plight, it does not remove publicly available documents from the public's view without a sufficient showing that sealing is necessary and proper. Defendant cites Dayton v. Sears Roebuck and Co., 2014 WL 5797172 (E.D. Cal. 2014) (Nunley, J.), for the proposition that a document may be sealed after it has been publicly filed. In that case, plaintiff requested that a publicly filed document bearing her date of birth be redacted, and the court granted the request. However, the court's local rules required that "[d]ates of birth" be redacted from publicly filed documents, and that "only the year" should be shown. E.D. Cal. R. 140(a)(iv). Accordingly, the court ordered the document refiled "with the appropriate redactions so that the Court may update the docket and seal the original filing." Dayton, 2014 WL 5797172, at *8.

Defendant has identified no rule, statute, case or other authority requiring that the document it filed must be sealed or redacted after the fact. To the contrary, the cases addressing this issue have denied requests to seal documents where they were already publicly filed, or where the information contained in the documents is already in the public domain. See Level 3 Communications, LLC v. Limelight Networks, Inc., 611 F. Supp. 2d 572 (E.D. Va. 2009) (declining to seal documents offered in a public trial, and providing a thorough discussion of the issue).[1]

The court does not find defendant's request to be frivolous, however, and accordingly will

---

[1] See also, Joint Equity Committee of Investors of Real Estate Partners, Inc. v. Coldwell Banker Real Estate Corp., 2012 WL 234396, at *2 (C.D. Cal. 2012) ("Defendants' assertions of confidentiality are frivolous in large part because Plaintiffs have already filed many of the same documents without seal on the public docket"); Cooke v. Town of Colorado City, Ariz., 2013 WL 3155411, at *2 (D. Ariz. 2013) ("First, with regard to the exhibits that have been filed unsealed in any public record, including those that have been filed in this Court's Record since July 30, 2012, with no party seeking to seal them or otherwise obtaining a protective order for them, there is no reason to now seal those exhibits. In determining whether to seal a document, 'the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret.' There can be no secrets in previously publicly disclosed records that no one has previously sought to protect. As a result, there can be no good cause or compelling reasons to keep such non-existent 'secrets.'"); Apple, Inc. v. Samsung Electronics Co., Ltd., 2014 WL 722489, at *1 (N.D. Cal.2014) ("But Apple already decided to reveal the specific figures in Apple's opposition brief that Apple now seeks to seal. That request goes too far.").

1 deny the request without prejudice.  Defendant may, if it wishes, renew its request if it can direct
2 the court's attention to a statute, rule or other authority <u>requiring</u> the document to be sealed or
3 redacted.
4      Accordingly, IT IS HEREBY ORDERED that defendant's request to seal (ECF No. 20),
5 is DENIED without prejudice.
6 DATED: February 27, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE